UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>SETH STADEL, a/k/a Seth Carter,<br><br>Defendant. | 3:20-CR-30090-RAL<br><br><br>OPINION AND ORDER GRANTING MOTION FOR REDUCTION IN SENTENCE |

On June 7, 2021, this Court sentenced Defendant Seth Stadel to 57 months of imprisonment for an assault by strangulation and suffocation followed by three years of supervised release. Doc. 40. At the time of the sentencing, Stadel was in Criminal History Category V with a guideline range of 57 to 71 months. The retroactive change to § 4A1.1(e) of the United States Sentencing Commission's Guidelines Manual has the effect of placing Stadel in Criminal History Category IV, where his guideline range would have been 46 to 57 months.

Stadel filed a Motion for Reduction in Sentence, Doc. 44, proposing a reduction to a 46-month sentence, at the bottom end of the amended guideline range. The United States does not contest Stadel's eligibility to be considered for a sentence reduction nor the proposed reduction in Stadel's sentence, Doc. 47, but this Court exercises its independent judgment on whether to grant a sentence reduction and the extent of any such reduction.

In Dillon v. United States, 560 U.S. 817 (2010), the Supreme Court of the United States addressed the process for application of a retroactive guideline amendment, emphasizing that

1

U.S.S.G. § 1B1.10 is binding. The Supreme Court required any "reduction [to] be consistent with applicable policy statements issued by the Sentencing Commission" and directed district courts to follow a two-step approach. Id. at 821. In the first step, a court must determine the inmate's eligibility for a modification and then determine the amended guidelines range. Id. At step two, § 3582(c)(2) instructs courts to consider applicable 18 U.S.C. § 3553 factors to determine whether the authorized reduction is warranted in whole or in part under the specific circumstances of the case. Id. at 827. The Supreme Court also observed:

> Consistent with the limited nature of § 3582(c)(2) proceedings, § 1B1.10(b)(2) also confines the extent of the reduction authorized. Courts generally may "not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) . . . to a term that is less than the minimum of the amended guideline range" produced by the substitution.

Id. at 821 (quoting U.S.S.G. S 1B1.10(b)(2)(A)).

In Part A to Amendment 821 to the Sentencing Guidelines, the Sentencing Commission altered the "status points" provision regarding criminal history, which now appears in Section 4A1.1(e). The amended provision states:

> Add 1 point if the defendant (1) receives 7 or more points under subsections (a) through (d), and (2) committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status.

Thus, a person who otherwise has 7 criminal history points or more now receives 1 additional "status" criminal history point, instead of 2, while one who otherwise has 6 criminal history points or fewer receives no status points.

On August 24, 2023, the Commission decided that this change applies retroactively. The Commission further directed that a court granting relief may not order the release of a defendant to occur any earlier than February 1, 2024. See § 1B1.10(e)(2) (Nov. 1, 2023).

2

Consistent with the amended U.S.S.G. § 4A1.1(e) and the rules set forth in Dillon, Stadel meets the criteria for such a reduction. With that reduction, he gets 1 status point instead of 2, and has a total of 9 criminal history points. That places him in Criminal History Category IV and reduces the advisory Guideline range to 46–57 months. See U.S.S.G., Ch. 5, Pt. A (Sentencing Table).

Turning to step two, § 1B1.10 directs that "the court shall consider the factors set forth in 18 U.S.C. § 3553(a) in determining . . . whether a reduction in the defendant's term of imprisonment is warranted." U.S.S.G. 1B1.10, cmt. n.1(B)(i). "The grant of authority to the district court to reduce a term of imprisonment is unambiguously discretionary," even when the guideline range is actually reduced. United States v. Vautier, 144 F.3d 756, 760 (11th Cir. 1998). Under the "Background" to U.S.S.G. § 1B1.10, "[t]he authorization of such a discretionary reduction does not otherwise affect the lawfulness of a previously imposed sentence, does not authorize a reduction in any other component of the sentence, and does not entitle a defendant to a reduced term of imprisonment as a matter of right." In the context of First Step Act reductions, the Eighth Circuit has ruled that "[o]nce a district court determines that a defendant is eligible for a sentence reduction, it has 'substantial discretion' to choose whether to reduce the sentence." United States v. Burnell, 2 F.4th 790, 792 (8th Cir. 2021) (citing United States v. Hoskins, 973 F.3d 918, 921 (8th Cir. 2020)); see United States v. Young, 555 F.3d 611, 614 (7th Cir. 2009).

Subject to the limits set forth in § 1B1.10(b), a court may consider all pertinent information in applying the § 3553(a) factors and determining whether and by how much to reduce a defendant's sentence. Dillion, 560 U.S. at 821–22. Section 3553(a), in addition to requiring consideration of the applicable guidelines and policy statements of the Sentencing Commission, mandates the sentencing judge to consider:

3

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed—
>     (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>     (B) to afford adequate deterrence to criminal conduct;
>     (C) to protect the public from further crimes of the defendant; and
>     (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> (3) the kinds of sentences available;

18 U.S.C. § 3553(a).

The nature and circumstances of Stadel's offense were very serious and require a lengthy sentence. Stadel, while intoxicated on June 10, 2020, became abusive to his intimate partner Kolby Hill. Stadel attacked her on two separate occasions while their toddler-aged children were in the home. Stadel threatened her life, telling her he was going to kill her. When Cheyenne River Sioux Tribe Law Enforcement and an ambulance responded, she had a swollen left eye, a broken arm, various bruises, abrasions and injuries, including ligature marks on her neck from strangulation. On that conduct alone, a lengthy sentence remains appropriate.

The history and characteristics of Stadel include an old sex offense when he was 18 years old, failures to register as a sex offender convictions at ages 20 and 22, a prior domestic assault conviction as well as a DUI. Stadel had endured a difficult upbringing and had a work history. He was a daily user of alcohol and marijuana. Nothing in his personal history and characteristics militated for any particularly light sentence.

The remaining factors of seriousness of the offense, promotion of respect for the law, just punishment, adequate deterrence, and protection of the public justify little reduction from the prior sentence. The United States notes in its response that public safety considerations may include considering the post-sentencing conduct or situation of the defendant, whether positive or negative, and gives information on Stadel's disciplinary record. Doc. 47 at 4–6. The Eighth Circuit has

recognized that in the context of evaluating a sentence reduction, a judge may consider post-conviction developments. See United States v. Darden, 910 F.3d 1064, 1067 (8th Cir. 2018) (opining "nothing prohibits a court from considering new facts that it had no opportunity to address the first time around"). Similarly, application note 1(B)(iii) to § 1B1.10 also directs that "[t]he court may consider post-sentencing conduct of the defendant that occurred after imposition of the [original] term of imprisonment." U.S.S.G. 1B1.10, cmt. n.1(B)(iii). The application note explains that these factors are relevant in determining whether and by how much to reduce a sentence, but only within the limits set forth in § 1B1.10(b).

Some courts in the Eighth Circuit have denied sentence reductions because of a defendant's disciplinary problems. See, e.g., United States v. Boyd, 835 F.3d 791, 792 (8th Cir. 2016) (affirming denial of sentence reduction where district court had cited defendant's "extensive criminal history and record of misconduct while incarcerated, which included over thirty disciplinary violations" and had "[e]mphasiz[ed] the nature and seriousness of the danger to a person or the community that may be posed by a reduction in [defendant's] term of imprisonment"); see also United States v. Harris, No. 20-3264, 2021 WL 5272693, at *2 (8th Cir. Nov. 12, 2021) (unpublished) (affirming denial of motion upon review of details of defendant's conduct, including disciplinary data); United States v. Tofiga, 807 F. App'x 597, 598 (8th Cir. 2020) (unpublished) (affirming district court grant of motion and sentence reduction to middle of new guidelines range, based in part on disciplinary infractions while incarcerated); United States v. Rivera-Moreno, 692 F. App'x 305, 307 (8th Cir. 2017) (unpublished) (affirming denial of reduction for inmate who, though eligible for sentence reduction, had "five disciplinary reports while incarcerated, including destroying property, refusing to obey an order, and assault without serious injury").

Stadel's Inmate Discipline Data report shows some disciplinary problems, including 2022 citations for destruction of property and three incidents of refusing work or program assignments. Doc. 46 at 1–2. While his disciplinary problems are concerning, Stadel's history of disciplinary issues do not, under the circumstances, disqualify him from a modest sentence reduction.

Accepting that retroactive application of the recent guidelines changes places Stadel in Criminal History Category IV with a guidelines range of 46 to 57 months, this Court deems the midpoint of that guideline range—52 months—to be sufficient but not more than necessary under the § 3553(a) factors. Therefore, it is

ORDERED that Stadel's Motion for Reduction in Sentence, Doc. 44, is granted to the extent that the sentence is lowered from 57 months to 52 months of incarceration. It is further

ORDERED that the Probation and Pretrial Services Office prepare an Amended Judgment in a Criminal Case reflecting sentence reduction from 57 to 52 months but making no other changes to the terms of the prior Judgment in a Criminal Case.

DATED this 19th day of January, 2024.

BY THE COURT:

_____
ROBERTO A. LANGE
CHIEF JUDGE